BEDFORD v. RICE & ux.

A plea in abatement must be filed in the first court in which the defendant has an opportunity to file it.

DEBT, to recover a penalty. The action was returnable to the police court of Manchester, under the provisions of *c*. 21, Acts of 1876. The *ad damnum* exceeding $13.33, the defendants on the return day demanded in writing a jury trial, and the action was thereupon transferred to this court. Within the first four days of the first term the defendants filed a plea in abatement, alleging that no summons in the form prescribed by law had been served upon them. The officer's return showed that due service of the writ had been made. The summons was produced in court, but was not enrolled.

The plaintiffs contended that the plea, not having been filed in the police court, could not be filed after transfer to this court. But the court ruled, as matter of law, that the plea was seasonably filed, and

the plaintiffs excepted. The plaintiffs demurred to the plea, which the court sustained, and the defendants excepted.

*O' Connor*, for the defendants.

*Clark, Bartlett & Mills*, for the plaintiffs.

SMITH, J. The plea is bad. *Dinsmore* v. *Pendexter*, 28 N. H. 18; *Parker* v. *McKean*, 34 N. H. 375, and authorities cited.

A plea in abatement should be filed in the first court in which the defendant has an opportunity to file it, to avoid the cost of further litigation, if the plea is good. The defendant might file the plea with his demand for a jury trial, and neither would be a waiver of the other. The demand is an objection to the police court trying a case, when the sum demanded in damages exceeds the constitutional limitation of $13.33.

*Respondeat ouster.*

STANLEY and CLARK, JJ., did not sit.